**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Chambers of
André M. Espinosa
United States Magistrate Judge

Martin Luther King Jr. Federal
Bldg. & U.S. Courthouse
50 Walnut Street, Room 2037
Newark, NJ 07102
(973) 645-3827

October 18, 2024

To: Abrahim Fata, Pro Se
193200
Lehigh County Jail
38 North 4th Street
Allentown, Pennsylvania 18102

All counsel of record

**LETTER OPINION AND ORDER**

RE: **Abrahim Fata v. Bayonne New Jersey Board of Education, et al.**
**Civil Action No. 24-9258 (CCC)(AME)**

Dear Litigants:

The Court received an October 3, 2024 letter by Plaintiff Abrahim Fata ("Plaintiff") seeking a 30-day extension of time to file an application to proceed in forma pauperis, [D.E. 5]. The Court also received Plaintiff's September 26, 2024 letter requesting to change venue of this action to Trenton and to consolidate this action with an action he filed in the Eastern District of Pennsylvania (the "EDPA Action") [D.E. 4].

Because Plaintiff is incarcerated and asserts he is experiencing difficulties obtaining his Inmate Account Balance, and for good cause shown, Plaintiff's motion for an extension of time to file an application to proceed in forma pauperis is **GRANTED** [D.E. 5]. The deadline for Plaintiff to file such application is now **November 22, 2024**.

As for Plaintiff's request to change venue and to consolidate this action with the EDPA Action [D.E. 4], "[c]ourts liberally construe documents filed by pro se plaintiffs, and hold the filings to less stringent standards than those drafted by attorneys." *Wallwork v. Horizon Blue Cross*, No. 16-7095, 2017 WL 3208350, at *2 (D.N.J. July 27, 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even in light of this relaxed standard, however, Plaintiff's September 26,

2024 letter cannot be fairly construed as a motion to consolidate or to change venue because the letter fails to even minimally comply with the Local Civil Rules of the United States District Court for the District of New Jersey, which establish the parameters for motion practice and briefing.

Under Local Civil Rule 7.1(d)(1), "[n]o application will be heard" unless the movant files "a brief, prepared in accordance with Local Civil Rule 7.2," or, if the movant believes no brief is necessary, then the movant may file "a statement that no brief is necessary and the reasons therefor" under Local Civil Rule 7.1(d)(4). Plaintiff must file a motion that specifies the relief he requests. He must support such motion with a brief that anchors his request in controlling law, and he must support that brief with relevant facts to show the applicable legal standard is satisfied. Here, Plaintiff's one-page letter cites no case law, identifies no applicable legal standard, nor does it apply any facts to law to support his request to consolidate this action or to transfer venue. Therefore, the Court cannot and does not construe Plaintiff's letter as a proper motion.

Still, even if Plaintiff properly filed a motion for consolidation of the EDPA Action, such a motion would be futile and a waste of resources as this Court cannot consolidate an action that is currently pending in the District of New Jersey with an action pending in the Eastern District of Pennsylvania. This is because the District of New Jersey and the Eastern District of Pennsylvania are two separate and distinct jurisdictions, and this Court has no power to manage, control, or interfere with the dockets of other jurisdictions. *See, e.g., Diez v. Washington Mut. Bank*, No. 09-2390, 2011 WL 4434064, at *6 (E.D.N.Y. Sept. 21, 2011) (denying a request to consolidate a case in the Eastern District of New York with cases in a New York state court and a case in the District Court for the District of Columbia, because the federal rules "allow a federal court to consolidate actions pending before it, but do not allow it to take cases out of other jurisdictions in order to consolidate them"); *Fidelity and Deposit Co. of Maryland v. Casablanca Constr., Inc.*, No. 5:19-62, 2020 WL 1238194, at *1 (S.D. Miss. Mar. 13, 2020) (explaining that a "Court may consolidate actions only if they are pending in the same district," and that "the two actions at issue in this case cannot be consolidated because they are, not merely in different districts, but are in different jurisdictions"); *Ornelas v. Erapmus, Inc.*, No. 3:98-0966, 1999 WL 222353, at *1 (N.D. Tex. Apr. 12, 1999) ("Actions pending in different federal district courts may not be consolidated.").

This Court must remain neutral in this action and therefore cannot and will not provide Plaintiff with any legal advice. However, the Court observes that, if there is a proper basis for the District of New Jersey to have jurisdiction over the EDPA Action, and if venue would be proper in the District of New Jersey, then Plaintiff could voluntarily dismiss the EDPA Action and file it in the District of New Jersey. This is assuming there exists no statute of limitations or other legal impediment that would make filing the EDPA Action in the District of New Jersey impossible or inadvisable. If both actions are pending in the District of New Jersey, then Plaintiff could seek consolidation of such actions. Even still, Plaintiff should be aware that such consolidation may or may not be appropriate under the controlling law.

However Plaintiff decides to proceed, this Court cannot and does not assure him that whatever choice Plaintiff makes will not raise legal risks that this Court has not already acknowledged in this letter order. This Court cannot insulate Plaintiff from the legal consequences of the actions or decisions he makes with respect to the various legal actions he has initiated.

Plaintiff is the sole decision-maker in such legal actions. Therefore, all risks associated with any steps he may take in those actions are Plaintiff's alone to confront.

IT IS SO ORDERED.

***/s/ André M. Espinosa***
**ANDRÉ M. ESPINOSA**
**UNITED STATES MAGISTRATE JUDGE**